UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARIO BOWLES,<br><br>    Plaintiff,<br><br>v.<br><br>TENNESSEE DEPARTMENT OF CORRECTION et al.,<br><br>    Defendants. | Case No. 3:22-cv-00032<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

This civil rights action brought under 42 U.S.C. § 1983 arises out of pro se and *in forma pauperis* Plaintiff Mario Bowles's confinement at two Tennessee Department of Correction (TDOC) facilities: Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee, and Whiteville Correctional Facility (WCFA) in Whiteville, Tennessee. (Doc. Nos. 13, 16.) TDOC contracts with Defendant CoreCivic, Inc., a private for-profit corporation, to operate both facilities.[1]

Bowles, who is currently incarcerated at WCFA, has filed seven motions requesting, among other things, leave to amend his complaint (Doc. No. 40); a transfer to protective custody at a different TDOC facility (Doc. No. 42); the Court's assistance serving several individual defendants (Doc. Nos. 44, 69, 72); copies of the docket sheet in this action (Doc. Nos. 43, 72, 77); and assistance obtaining his TDOC records and certain property, including legal documents, that

---

1    *See* TDOC, *Trousdale Turner Correctional Center*, https://www.tn.gov/ correction/sp/state-prison-list/trousdale-turner-correctional-center.html (last visited Apr. 4, 2023); TDOC, *Whiteville Correctional Facility*, https://www.tn.gov/correction/sp/state-prison-list/whiteville-correctional-facility.html (last visited Apr. 4, 2023).

he alleges have been taken from him at WCFA (Doc. No. 44). CoreCivic has responded in opposition to Bowles's motion for a transfer. (Doc. No. 74.) CoreCivic and Defendants TTCC Captain Samuel Beaver, TTCC Case Manager Carolyn Matthews, TTCC Captain Kyla Mitchell, TTCC Officer Andrea Moore, and TTCC Lieutenant Craig Murray have also responded to Bowles's motion requesting the Court's assistance with service on Defendants WCFA Sergeant f/n/u Harris, TTCC Lieutenant Edmond Hill, WCFA Captain f/n/u Huderson, and WCFA Officer f/n/u Rowe, providing additional information about these four unserved defendants and offering to work with Bowles and the Court to facilitate service. (Doc. No. 78.)

For the reasons that follow, Bowles's requests for leave to amend his complaint and for a transfer will be denied without prejudice; his requests for Court assistance with serving Defendants Harris, Hill, Huderson, and Rowe will be granted in part; his requests for a copy of the docket sheet in this action will be granted; and his requests for assistance obtaining his TDOC records and property will be denied.

**I.     Relevant Background**

    **A.     Bowles's Complaint and Request for Leave to Amend**

Bowles asserts claims arising under the First and Eighth Amendments to the United States Constitution related to the defendants' alleged use of force against him, failure to protect him, deliberate indifference to his serious medical needs, and retaliation against him. (Doc. Nos. 13, 16.) His complaint seeks monetary damages. (Doc. Nos. 13, 16.) The Court granted Bowles's application for leave to appear *in forma pauperis* and screened his complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and 42 U.S.C. § 1997, finding that Bowles has stated the following colorable claims for relief:

- an Eighth Amendment failure-to-protect claim against Case Manager Jackson, Lt. Edmond Hill, Lt. Murray, Officer Rowe, and Officer Moore, arising from Plaintiff's transfer to the main compound of TTCC on May 21, 2021;

- an Eighth Amendment excessive force claim against Lt. Hill, and a First Amendment retaliation claim against Hill, arising from Hill's use of force at TTCC on July 26, 2021;

- an Eighth Amendment excessive force claim against Lt. Hill, an Eighth Amendment failure-to-protect claim against Contract Monitor Brun and Captain Beaver, and an Eighth Amendment claim for deliberate indifference to serious medical needs against Brun and Beaver, arising from Hill's use of force at TTCC on August 13, 2021;

- a First Amendment retaliation claim against Captain Mitchell, Case Manager Smith, Case Manager Mathews, and Case Manager Brun, an Eighth Amendment excessive force claim against Mitchell, Smith, and Mathews, and an Eighth Amendment claim for deliberate indifference to serious medical needs against Brun, arising from Plaintiff's transfer from TTCC to WCFA and the related use of force at TTCC on February 1, 2022;

- an Eighth Amendment claim for deliberate indifference to serious psychiatric needs against Officer Rowe and CoreCivic, arising from Rowe's denial of mental health treatment at WCFA on April 12, 2022;

- an Eighth Amendment excessive force claim against Captain Huderson arising from Huderson's use of force at WCFA on July 6, 2022; and

- an Eighth Amendment failure-to-protect claim against Officer Harris arising from Harris's disclosure of Plaintiff's separation list to another inmate at WCFA on July 16, 2022.

(Doc. No. 37, PageID# 298.) The Court dismissed all other claims and defendants in Bowles's complaint, including dismissing Bowles's request for a transfer to protective custody at a federal facility. (Doc. No. 37.)

Bowles has filed a motion for leave to amend his complaint (Doc. No. 40) and a copy of his proposed amended complaint, which consists of newly asserted claims against several newly named defendants (Doc. No. 40-1).[2] The defendants who have appeared in this action have not responded to Bowles's motion for leave to amend.

---

[2]  Bowles titled his motion "Motion to Reserve Future Amended Complaints Against Existing Defendants et al." (Doc. No. 40, PageID# 322), but he clarified in a later filing that this title was a mistake and that his motion is a petition for leave to amend his complaint (Doc. No. 43).

3

### B. Bowles's Transfer Request

Bowles has also filed a motion requesting an "urgent safety transfer" to protective custody at TDOC's West Tennessee State Penitentiary.[3] (Doc. No. 42, PageID# 345.) CoreCivic filed a response in opposition to Bowles's request. (Doc. No. 74.) Bowles did not file an optional reply.

### C. Service of Process

Because Bowles appears *in forma pauperis*, the United States Marshals Service is serving process on Bowles's behalf in accordance with Federal Rule of Civil Procedure 4(c)(3). Fed. R. Civ. P. 4(c)(3). CoreCivic, Beaver, Matthews, Mitchell, Moore, and Murray have appeared in this action and answered Bowles's complaint. (Doc. No. 76.) Brun, Harris, Hill, Huderson, Jackson, Rowe, and Smith have not appeared, and the Marshals Office has returned summonses addressed to these defendants unexecuted. (Doc. Nos. 45, 55, 56, 59, 62, 71.)

Bowles requests the Court's assistance serving these defendants. (Doc. Nos. 44, 69, 72.) CoreCivic, Beaver, Matthews, Mitchell, Moore, and Murray respond that: (1) "there are various individuals with the last name Harris who currently work or who previously worked at" WCFA, and that "[i]f Bowles will provide additional information regarding this Sergeant Harris, Defendants will attempt to determine his or her identity"; (2) Lieutenant Hill no longer works at TTCC and is no longer a CoreCivic employee; (3) "[t]here is not an individual by the name of Captain Huderson who works at" WCFA, but there is a "Captain Victor Huddleston" working at

---

The Court therefore liberally construes Bowles's motion (Doc. No. 40) as a motion for leave to amend his complaint.

[3] Bowles requests a transfer "to TDOC – Compound West High Compound [Protective Custody]" (Doc. No. 42, PageID# 345 (alteration in original)), which the Court construes as a request for a transfer to TDOC's West Tennessee State Penitentiary, which "provides a Security Management Unit (SMU) program . . ." TDOC, *W. Tenn. State Penitentiary*, https://www.tn.gov/correction/sp/state-prison-list/west-tennessee-state-penitentiary.html (last visited Mar. 29, 2023).

WCFA; and (4) Officer Rowe is a CoreCivic employee on leave from his position at WCFA. (Doc. No. 78, PageID# 491.) The defendants state that, if Bowles provides their counsel with waivers of service for Huddleston and Rowe, counsel will agree to waive service on Huddleston's and Rowe's behalf. (Doc. No. 78.)

### D. Bowles's Other Requests

Bowles also requests copies of the docket sheet in this action (Doc. Nos. 43, 72) and assistance obtaining his TDOC records and personal property, including legal documents (Doc. No. 44). The defendants have not responded to these requests.

## II. Analysis

### A. Bowles's Motion for Leave to Amend His Complaint

Federal Rule of Civil Procedure 15(a)(2) provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Local Rule 15.01 provides that "[a] motion to amend a pleading must . . . [d]escribe the reasons supporting the proposed amendments and the substance of the amendments sought, and include as an appended exhibit the signed proposed amended pleading[.]" M.D. Tenn. R. 15.01(a)(1) (supporting papers). It further requires that "[a]mended pleadings must restate the entirety of the pleading with amendments incorporated, rather than merely reciting the amended sections." M.D. Tenn. R. 15.01(b) (form of amended pleading). The proposed amended complaint that Bowles attached to his motion includes only the newly amended claims he seeks to add to his complaint. (Doc. No. 40-1.) He therefore has not complied with Local Rule 15.01(b). The Court will deny Bowles's motion for leave to amend without prejudice to refiling a motion and proposed amended pleading that comply with the Court's Local Rules.[4]

---

[4] Bowles's motions request that the Court send him an "application" to amend his complaint. (Doc. Nos. 43, 44.) While there are forms for civil rights complaints available on the Court's

### B.  Bowles's Motion for an Urgent Safety Transfer

Bowles asks the Court to order his transfer to protective custody at TDOC's West Tennessee State Penitentiary. (Doc. Nos. 42, 44.) He states that his "life [is] at constant risk" because "there ha[ve] been numerous attempts to get [him] moved to other units and pods to be rape[d] and killed" in "retaliation [for] his written grievances and" this action. (Doc. No. 42, PageID# 345.) Bowles states that his food has been tampered with and that he continues to receive fabricated disciplinary write ups. (Doc. No. 42.) He further states that Rowe and six other WCFA officials, including WCFA Officer Dexter Amos, are involved in this retaliation and "consistently" threaten him. (*Id.* at PageID# 345.)

CoreCivic opposes Bowles's transfer request. (Doc. No. 74.) In support of its opposition, CoreCivic has filed a declaration by Amos disputing Bowles's allegations about his treatment at WCFA (Doc. No. 75), and CoreCivic argues that Bowles has not presented the Court with any evidence sufficient to justify the Court's intervention in his prison assignment (Doc. No. 74).

"[I]n general, a federal district court cannot order the transfer of a prisoner because the housing location of prisoners is a matter within executive rather than judicial purview." *Roach v. Hiland*, No. 5:12CV-P169, 2013 WL 1501424, at *2 (W.D. Ky. Apr. 11, 2013) (citing *United States v. Warren*, 610 F.2d 680, 684–85 (9th Cir. 1980)). "Only in rare and extreme circumstances when there is evidence that an inmate's life or safety is in imminent danger would a federal court have the authority to order the transfer of a prisoner." *Id.* (citing *Walker v. Lockhart*, 713 F.2d 1378, 1383 (8th Cir. 1983)). Here, Bowles has not met the evidentiary standard to justify a court-

---

website, https://www.uscourts.gov/forms/pro-se-forms/complaint-violation-civil-rights-prisoner, there is no form application for requesting the Court's leave to file an amended complaint. Instead, Local Rule 15.01 explains the requirements for filing a motion for leave to amend and attaching a proposed amended complaint.

ordered transfer because he presents only his own conclusory statements about his treatment at WCFA (Doc. No. 42), statements that CoreCivic disputes in Amos's sworn declaration (Doc. No. 75). *See id.* (denying plaintiff's motion for transfer where "[p]laintiff offered no evidence other than his own statements that he has been denied medical care or that he is entitled to be transferred because he needs medical attention or because he may be retaliated against" (citing *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000))).

Bowles's request for a court-ordered transfer to protective custody at another TDOC facility will therefore be denied.

### C.    Bowles's Requests for Court Assistance Serving Brun, Harris, Hill, Huderson, Rowe, and Smith

Bowles asks the Court for assistance serving four of the seven unserved defendants in this action: Harris, Hill, Huderson, and Rowe. (Doc. Nos. 44, 69, 72.) The Marshals Office returned Harris's summons unexecuted with a notation that there are multiple WCFA employees with the last name Harris and that more information was required to identify the Harris Bowles seeks to serve. (Doc. No. 62.) Hill's summons was returned with a notation that he could not be served because he no longer works at TTCC. (Doc. No. 45.) Summonses for Rowe and Huderson were returned unexecuted with notations that, according to the WCFA warden's office, Rowe and Huderson no longer work at WCFA. (Doc. Nos. 55, 56.)

CoreCivic, Beaver, Matthews, Mitchell, Moore, and Murray filed a response to Bowles's motion for assistance stating that: (1) if Bowles provides additional identifying information for Harris, they will attempt to determine Harris's identity; (2) Hill no longer works at TTCC and is no longer employed by CoreCivic; (3) there is no one named Huderson who works at WCFA, but there is a Victor Huddleston; and (4) Rowe still works for CoreCivic, but he is on leave from his position at WCFA. (Doc. No. 78.) Defendants further state that their counsel will agree to waive

service on behalf of Huddleston and Rowe if Bowles sends waiver requests for those defendants. (*Id.*)

The docket shows that the remaining three unserved defendants in this action are Brun, Jackson, and Smith. The Marshals Service returned Brun's and Smith's summonses unexecuted with notations that these defendants no longer work at TTCC. (Doc. Nos. 59, 71.) The Marshals Service returned Jackson's summons unexecuted with a notation that there was "not enough information" to serve Jackson. (Doc. No. 71, PageID# 451.)

Bowles's motions for the Court's assistance with service will be granted in part. The Court will order CoreCivic to file a notice under seal containing last known addresses for Brun, Hill, and Smith. The Court will order Bowles to file a notice providing additional identifying information for Harris and Jackson and stating whether Bowles intended to name Huddleston as a defendant instead of Huderson. The Court will also direct the Clerk of Court to send Bowles copies of service waiver request forms that Bowles shall complete and send to defendants' counsel if Bowles intends to pursue his claims against Rowe and Huddleston.

### D. Bowles's Other Requests

Bowles also asks the Court for service packets and a copy of the docket sheet (Doc. Nos. 43, 72, 77) and for assistance obtaining copies of his TDOC records and other property he alleges has been confiscated from him at WCFA (Doc. No. 44). To the extent that Bowles requests service packets to serve the newly named defendants in his proposed amended complaint (Doc. No. 40-1), his request will be denied without prejudice. The Court will grant Bowles's request for a copy of the docket sheet. Because discovery has not yet begun in this action—and will not begin until all defendants are served and the Court issues a scheduling order—the Court will deny Bowles's request for assistance obtaining his TDOC records. The Court will also deny Bowles's

8

Case 3:22-cv-00032   Document 85   Filed 04/18/23   Page 8 of 10 PageID #: 533

service on behalf of Huddleston and Rowe if Bowles sends waiver requests for those defendants. (*Id.*)

The docket shows that the remaining three unserved defendants in this action are Brun, Jackson, and Smith. The Marshals Service returned Brun's and Smith's summonses unexecuted with notations that these defendants no longer work at TTCC. (Doc. Nos. 59, 71.) The Marshals Service returned Jackson's summons unexecuted with a notation that there was "not enough information" to serve Jackson. (Doc. No. 71, PageID# 451.)

Bowles's motions for the Court's assistance with service will be granted in part. The Court will order CoreCivic to file a notice under seal containing last known addresses for Brun, Hill, and Smith. The Court will order Bowles to file a notice providing additional identifying information for Harris and Jackson and stating whether Bowles intended to name Huddleston as a defendant instead of Huderson. The Court will also direct the Clerk of Court to send Bowles copies of service waiver request forms that Bowles shall complete and send to defendants' counsel if Bowles intends to pursue his claims against Rowe and Huddleston.

### D. Bowles's Other Requests

Bowles also asks the Court for service packets and a copy of the docket sheet (Doc. Nos. 43, 72, 77) and for assistance obtaining copies of his TDOC records and other property he alleges has been confiscated from him at WCFA (Doc. No. 44). To the extent that Bowles requests service packets to serve the newly named defendants in his proposed amended complaint (Doc. No. 40-1), his request will be denied without prejudice. The Court will grant Bowles's request for a copy of the docket sheet. Because discovery has not yet begun in this action—and will not begin until all defendants are served and the Court issues a scheduling order—the Court will deny Bowles's request for assistance obtaining his TDOC records. The Court will also deny Bowles's

request regarding his property because that request is beyond the scope of Bowles's claims in this action.

**III.     Conclusion**

For these reasons, Bowles's motion for leave to amend his complaint (Doc. No. 40) and motion for an urgent safety transfer (Doc. No. 42) are DENIED WITHOUT PREJUDICE.

Bowles's motions for assistance from the Court (Doc. Nos. 44, 69, 72) are GRANTED IN PART. CoreCivic is ORDERED to file a notice under seal providing the last known addresses for Defendants Brun, Hill, and Smith within fourteen days of this Memorandum Order. Upon receipt of the notice, the Clerk of Court is DIRECTED to re-issue summonses to Brun, Hill, and Smith at the addresses provided, ensuring that any home addresses remain confidential, and to forward the summonses to the Marshal's Office for service.

Bowles is ORDERED to file a notice within twenty-one days of this Memorandum Order providing additional identifying information for Defendants Harris and Jackson and stating whether he intended to name Huddleston as a defendant instead of Huderson.

The Clerk of Court is DIRECTED to mail Bowles two copies of the Court's template form for requesting waivers of service (AO 398). If Bowles wishes to pursue his claims against Rowe and Huddleston, he is ORDERED to complete waiver requests for these defendants and mail them to defendants' counsel.

Bowles's motions for docket inquiries (Doc. Nos. 43, 72, 77) are GRANTED IN PART. The Clerk of Court is DIRECTED to mail Bowles a copy of the docket sheet in this action.

All remaining requests in Bowles' motions (Doc. Nos. 43, 44, 69, 72, 77) are DENIED WITHOUT PREJUDICE.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge