UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARIO BOWLES,<br><br>   Plaintiff,<br><br>v.<br><br>TENNESSEE DEPARTMENT OF<br>CORRECTION et al.,<br><br>   Defendants. | Case No. 3:22-cv-00032<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

This Memorandum Order addresses twenty-two of pro se and *in forma pauperis* Plaintiff Mario Bowles's pending motions in this civil rights action brought under 42 U.S.C. § 1983.

I.   **Relevant Background**

This action arises out of Bowles's incarceration at two Tennessee Department of Correction (TDOC) facilities: Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee, and Whiteville Correctional Facility (WCFA) in Whiteville, Tennessee. (Doc. Nos. 13, 16.) Defendant CoreCivic, Inc., a private for-profit corporation, operates both facilities pursuant to contracts with TDOC.[1]

The Court previously summarized Bowles's claims and the early procedural history of this action as follows:

> Bowles asserts claims arising under the First and Eighth Amendments to the United States Constitution related to the defendants' alleged use of force against

---

[1]   *See* TDOC, *Whiteville Correctional Facility*, https://perma.cc/SDS6-BBC9; TDOC, *Trousdale Turner Correctional Center*, https://perma.cc/DWN2-CQ6D.

him, failure to protect him, deliberate indifference to his serious medical needs, and retaliation against him. (Doc. Nos. 13, 16.) His complaint seeks monetary damages. (Doc. Nos. 13, 16.) The Court granted Bowles's application for leave to appear *in forma pauperis* and screened his complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and 42 U.S.C. § 1997[e], finding that Bowles has stated the following colorable claims for relief:

- an Eighth Amendment failure-to-protect claim against Case Manager Jackson, Lt. Edmond Hill, Lt. [Craig] Murray, Officer Rowe, and Officer [Andrea] Moore, arising from Plaintiff's transfer to the main compound of TTCC on May 21, 2021;

- an Eighth Amendment excessive force claim against Lt. Hill, and a First Amendment retaliation claim against Hill, arising from Hill's use of force at TTCC on July 26, 2021;

- an Eighth Amendment excessive force claim against Lt. Hill, an Eighth Amendment failure-to-protect claim against Contract Monitor Brun and Captain [Samuel] Beaver, and an Eighth Amendment claim for deliberate indifference to serious medical needs against Brun and Beaver, arising from Hill's use of force at TTCC on August 13, 2021;

- a First Amendment retaliation claim against Captain [Kyla] Mitchell, Case Manager [Chevone] Smith, Case Manager [Carolyn] Mat[t]hews, and Case Manager Brun, an Eighth Amendment excessive force claim against Mitchell, Smith, and Mat[t]hews, and an Eighth Amendment claim for deliberate indifference to serious medical needs against Brun, arising from Plaintiff's transfer from TTCC to WCFA and the related use of force at TTCC on February 1, 2022;

- an Eighth Amendment claim for deliberate indifference to serious psychiatric needs against Officer Rowe and CoreCivic, arising from Rowe's denial of mental health treatment at WCFA on April 12, 2022;

- an Eighth Amendment excessive force claim against Captain [Huddleston] arising from [Huddleston]'s use of force at WCFA on July 6, 2022; and

- an Eighth Amendment failure-to-protect claim against Officer [f/n/u] Harris arising from Harris's disclosure of Plaintiff's separation list to another inmate at WCFA on July 16, 2022.

(Doc. No. 37, PageID# 298.) The Court dismissed all other claims and defendants in Bowles's complaint, including dismissing Bowles's request for a transfer to protective custody at a federal facility. (Doc. No. 37.)

(Doc. No. 85, PageID# 527–28.)

Bowles filed a motion for leave to amend (Doc. No. 40), which the Court denied without prejudice after finding that Bowles's proposed amended complaint failed to comply with Local Rule 15.01(b). (Doc. No. 85.) The Court also denied Bowles's request for a court-ordered transfer to protective custody at TDOC's West Tennessee State Penitentiary and his requests for the Court's assistance obtaining certain property that he alleged had been confiscated from him at WCFA. (*Id.*)

Defendants CoreCivic, Beaver, Brun, Hill, Matthews, Mitchell, Moore, Murray, and Smith have appeared and answered Bowles's complaint.[2] (Doc. Nos. 76, 118, 130, 137.)

Over the past six months, Bowles has filed more than twenty-two motions in this action requesting various types of relief. For example, Bowles filed motions requesting appointment of counsel (Doc. No. 112); leave to amend his complaint (Doc. No. 142); leave to correct certain defendants' names in his pleadings (Doc. No. 96); assistance forwarding copies of his filings to the defendants (Doc. Nos. 83, 102); assistance serving process on Defendants WCFA Officer Marlon Rowe and WCFA Captain Victor Huddleston (Doc. No. 98); a discovery order directing the defendants to "reserve" certain evidence (Doc. No. 99); leave to file a motion for a safety transfer under seal (Doc. No. 154); and motions for temporary restraining orders (Doc. Nos. 79, 103, 159). Bowles has also filed motions attacking Rowe's credibility (Doc. No. 80); responding to the defendants' answer (Doc. No. 81); soliciting settlement proposals from the defendants (Doc. Nos. 82, 97); criticizing defendants' counsel (Doc. No. 84); reserving his right to call witnesses (Doc. No. 94); requesting the Court's assistance in regaining access to certain

---

[2] Defendants Huddleston and Rowe have appeared and opposed several of Bowles's motions (Doc. Nos. 147, 164), but they have not yet answered or otherwise responded to Bowles's complaint. Defendants Harris and Jackson have not yet been served. The Court will address the status of service on these four defendants by separate order.

property (Doc. No. 95); criticizing the defendants' litigation tactics and actions toward him while he remains incarcerated (Doc. Nos. 101, 141); asserting violations of healthcare privacy laws and requesting transfer to another correctional facility (Doc. No. 111); and requesting urgent responses from the Court (Doc. No. 140).

The defendants have responded in opposition to many of these motions (Doc. Nos. 86, 110, 119, 147, 164, 165), and Bowles has filed replies (Doc. Nos. 122, 166).

**II.     Analysis**

   **A.     Motion to Appoint Counsel**

Bowles states that "[h]e seeks to reserve [the] position" that the Court should appoint counsel to represent him in this action "[i]f [n]ecessary . . . ." (Doc. No. 112, PageID# 617.) He argues that appointment of counsel may be appropriate because, among other reasons, he is incarcerated without access to his property, has had to ask other people incarcerated at WCFA for paper on which to draft his legal filings, has limited access to the phone, and "has had numerous [ ] issues with his mail." (*Id.*) CoreCivic, Beaver, Matthews, Mitchell, Moore, Murray, and Smith oppose Bowles's motion to appoint counsel. (Doc. No. 119.)

In civil actions, unlike criminal proceedings, there is no constitutional right to counsel. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) ("'Appointment of counsel in a civil case is not a constitutional right.'" (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985))); *Hollis v. Perry*, No. 3:17-cv-00626, 2018 WL 3572391, at *2 (M.D. Tenn. July 24, 2018) (citing *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), for the proposition that "there is no constitutional right to an appointed counsel in a civil action"). District courts have discretion to appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but there must be "exceptional circumstances" justifying such an appointment. *See Lavado*, 992 F.2d at 606 (quoting *Wahl*, 773 F.2d at 1174); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (interpreting

then § 1915(d)). To determine "whether exceptional circumstances exist, a district court considers the type of case, the ability of the pro se litigant to represent himself or herself, and the nature of the factual and legal issues involved." *Hollis*, 2018 WL 3572391, at *2.

Bowles has shown by his numerous filings to date that he can communicate with the Court effectively. (Doc. Nos. 1, 6, 9, 10, 12–16, 18–35, 38–40, 42–46, 49, 69, 72, 77, 79–84, 94–103, 111–14, 122, 131–33, 138–42, 148–50, 152–61, 166.) At this early stage in the proceedings, and considering Bowles's demonstrated ability to represent himself, the Court finds no exceptional circumstances to warrant appointment of counsel at this time. Bowles's incarceration and limited resources are circumstances common to many pro se civil plaintiffs, most of whom will not be appointed counsel. If circumstances in this case change—for example, if Bowles's claims survive summary judgment and proceed to trial—Bowles may raise the issue of appointed counsel again.

Accordingly, Bowles's motion to appoint counsel will be denied without prejudice.

### B.  Motions for Restraining Orders

Bowles asks the Court to issue restraining orders against Rowe and non-party WCFA Officer Dexter Amos. (Doc. Nos. 79, 103, 159.) To the extent these motions can be construed as requests for temporary restraining orders (TROs), the motions do not comply with Federal Rule of Civil Procedure 65(b) or this Court's Local Rule 65.01(b). Rule 65(b) states that a court may issue a TRO "only if" the motion is accompanied by "specific facts in an affidavit or a verified complaint" that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b). Similarly, this Court's Local Rule 65.01(b) requires that a motion for a TRO "be accompanied by a separately filed affidavit or verified written complaint, a memorandum of law, and a proposed order." M.D. Tenn. R. 65.01(b) (written complaint and memorandum). Bowles has not provided affidavits in

5

Case 3:22-cv-00032   Document 172   Filed 09/29/23   Page 5 of 15 PageID #: 957

support of his motions, his complaint is not verified (Doc. Nos. 13, 16), and he has not filed proposed orders.[3]

Bowles's motions for restraining orders are also procedurally improper to the extent they can be construed as motions for preliminary injunctions. In determining whether to issue preliminary injunctions the Court considers four factors:

> (1) whether the movant has a 'strong' likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 459 (6th Cir. 1997) (quoting *Sandison v. Mich. High Sch. Athletic Ass'n, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995)). Bowles's motions do not address this standard. Further, "because the preliminary injunction is an 'extraordinary remedy . . . [,]'" "the proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion[.]" *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) (quoting *Direx Isr., Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811, 818-19 (4th Cir. 1991)). Bowles has offered only his own unsubstantiated allegations and argument in support of his motions.

The Court will therefore direct the Clerk of Court to administratively terminate Bowles's motions for restraining orders.

---

[3] "To verify a complaint in federal court, a plaintiff must include a statement 'in substantially the following form: . . . "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature).""" *Montgomery v. Whidbee*, No. 3:19-cv-00747, 2023 WL 2254531, at *1 n.1 (M.D. Tenn. Feb. 27, 2023) (alteration in original) (quoting 28 U.S.C. § 1746(2)), *report and recommendation adopted sub nom. Montgomery v. Jamison*, No. 3:19-cv-00747, 2023 WL 2484254 (M.D. Tenn. Mar. 13, 2023).

C. Motion for Leave to Amend

Bowles filed a motion for leave to amend his complaint under Rule 15(a)(2) and attached a three-page "complaint" (Doc. No. 142-2, PageID# 787) that incorporates by reference a thirty-six page "petition" (Doc. No. 142-1, PageID# 748). The proposed second amended complaint lists Bowles's causes of action as:

> FIRST Amendment Retaliation, Deny Access To Courts, Access To Law Library; Inadequate Legal Assistance. FOURTH Amendment Intentional Deprivation of Property; Mail Fraud, Money Fraud; EIGHTH Amendment Excessive force; Fail-To-Protect; Deliberate Indifference; Punitive Damages, Emotional Distress, Mental Anguish; Medical And Mental Health Malpractice

(Doc. No. 142-2, PageID# 788.)

Bowles argues that "justice requires" granting him leave to amend because his "mental health status[,]" physical ailments, and lack of legal representation "prevented" him from presenting "clear [and] detail[ed] statements" in his original and amended pleadings, "which caused [the] early . . . dismiss[al of] numerous claims" when the Court screened Bowles's amended complaint. (Doc. No. 142, PageID# 743, 745.) Bowles states that the Court "dismissed [these claims] without prejudice for not stating [ ] claims" on which relief can be granted (Doc. No. 166, PageID# 104) and that he wants "to perfect his 42 U.S.C. § 1983" claims through the proposed amendments (Doc. No. 142, PageID# 744).

CoreCivic, Beaver, Hill, Huddleston, Matthews, Mitchell, Moore, Murray, Rowe, Smith, and Brun oppose Bowles's motion for leave to amend. (Doc. No. 147.) They argue that the relevant Rule 15(a)(2) factors—undue delay, bad faith, repeated failure to cure deficiencies by previous amendments, undue prejudice, and futility—weigh against granting Bowles leave to amend. (*Id.*) The defendants further argue that Bowles's proposed second amended complaint does not comply with Local Rule 15.01(b) because it "does not restate the entirety of the Complaint with amendments incorporated" and instead "only includes the newly amended claims [Bowles] seeks

to add to his Complaint." (*Id.* at PageID# 807.) And they argue that Bowles's stated reasons for seeking leave to amend "seem disingenuous" because Bowles "allegedly still has the same issues that he contends hindered him from filing an appropriate Complaint . . . ." (*Id.* at PageID# 808.)

In his reply, Bowles clarifies that his proposed second amended complaint asserts "the same claims" against "the same defendants" and includes "corrections" intended to revive the claims that the Court already dismissed when it screened Bowles's amended complaint. (Doc. No. 166, PageID# 904.) Bowles states that "he has been [in] isolation" at TTCC and WCFA "with no legal counsel or legal library assistance" and that he "filed numerous [ ] motions[,]" but "has not been able to assert any claims". . . ." (*Id.* at PageID# 903.) He also argues that his proposed second amended complaint complies with Local Rule 15.01(b) and that his proposed amended claims are not futile. (Doc. No. 166.)

Federal Rule of Civil Procedure 15(a)(2) provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). This "mandate" flows from the principle that a plaintiff "ought to be afforded an opportunity to test [their] claim on the merits" where "the underlying facts or circumstances relied upon . . . may be a proper subject of relief . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman*, 371 U.S. at 182). A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

"A district court's order denying a Rule 15(a) motion to amend is usually reviewed for an abuse of discretion." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *but see id.* (reviewing de novo district court's denial of "motion for leave to amend on the basis of futility"). Nevertheless, Sixth Circuit case law "'manifests "liberality in allowing amendments to a complaint."'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)).

As best the Court can tell from Bowles's filings, the purpose of his motion for leave to amend is to re-assert and perfect claims that the Court dismissed in screening Bowles's amended complaint including, among others, claims of intentional deprivation of personal property, intentional deprivation of legal materials, denial of access to courts, and mail tampering.

Assuming without finding that the Court dismissed Bowles's claims without prejudice, the Court explained in its screening memorandum opinion why these claims fail as a matter of law. (Doc. No. 36.) To the extent the Magistrate Judge can determine from Bowles's proposed second amended complaint (Doc. No. 142-2) and lengthy handwritten petition (Doc. No. 141-1), Bowles has not presented any new allegations that would materially change the Court's analysis.

The Court will therefore deny Bowles's motion for leave to amend as futile.

D.     **Motion to Correct Defendants' Names**

The Court referred this action to the Magistrate Judge "to oversee service of process." (Doc. No. 37, PageID# 299.) In a prior order addressing service issues, the Court ordered Bowles "to file a notice" "stating whether he intended to name Huddleston as a defendant instead of Huderson" and "providing additional identifying information for Defendants Harris and Jackson[,]" whose first names Bowles did not know and whom CoreCivic stated it could not identify without additional information. (Doc. No. 85, PageID# 534.) In response, Bowles filed a "motion" "to correct defendant(s) name(s)" identifying Victor Huddleston and Marlon Rowe as

9

defendants and providing additional information about Harris and Jackson. (Doc. No. 96, PageID# 565.) Bowles's motion also provides "correct name[s]" for several individuals and the State of Tennessee, none of whom are current defendants in this action. (*Id.*)

CoreCivic, Beaver, Matthews, Mitchell, Moore, and Murray state that they "do not oppose any attempt to correct the names of" "Victor Huddleston and Marlon Rowe" "in this lawsuit." (Doc. No. 110, PageID# 608.) However, the defendants argue that, "[t]o the extent Bowles [ ] seeks to include the[ ] additional [named] individuals as parties to this action, the Court should not allow him to do so." (*Id.*)

Huddleston's and Rowe's names already appear correctly on the Court's docket for this action and, to the extent Bowles's motion seeks to add new defendants, the motion is procedurally inappropriate. The Court will therefore find moot in part and deny in part Bowles's motion to correct defendants' names.

E. **Motions for the Court's Assistance Forwarding Motions to the Defendants**

Bowles filed two motions asking the Court for assistance forwarding several of his motions to defendants' counsel. (Doc. Nos. 83, 102.) The Court's case management and electronic case files (CM/ECF) system automatically sends electronic copies of all Bowles's filings in this action to the defendants' counsel. Bowles's motions for forwarding assistance are therefore moot.

F. **Motion for the Court's Assistance Serving Huddleston and Rowe**

Bowles filed a motion asking the Court for assistance serving process on Huddleston and Rowe. (Doc. No. 98.) CoreCivic, Beaver, Matthews, Mitchell, Moore, and Murray do not object to Bowles's motion. (Doc. No. 110.)

In a prior order addressing service, the Court noted that the defendants represented "that, if Bowles provides their counsel with waivers of service for Huddleston and Rowe, counsel will agree to waive service on Huddleston's and Rowe's behalf." (Doc. No. 85, PageID# 530 (citing

Doc. No. 78).) The Court therefore ordered Bowles "to complete waiver requests for these defendants and mail them to defendants' counsel." (*Id.* at PageID# 534.) The docket shows that Bowles filed waiver requests for Huddleston and Rowe that the Court received by mail and docketed on June 23, 2023. (Doc. Nos. 132, 133.)

Huddleston and Rowe have since appeared and opposed several of Bowles's motions (Doc. Nos. 147, 164), but ninety days have passed since Bowles filed his waiver requests, and Huddleston and Rowe have not yet answered or otherwise responded to Bowles's complaint. There is no indication on the docket that Bowles mailed the waiver requests to the defendants' counsel as ordered by the Court or that defendants' counsel completed the requests on behalf of Huddleston and Rowe and returned the requests to Bowles. It is therefore not clear that Huddleston and Rowe have waived service of process.

The Court will grant as unopposed Bowles's motion for assistance serving Huddleston and Rowe and will address the status of service on these defendants by separate order.

### G. Motion for Discovery Order to Reserve Evidence

Bowles filed a motion asking the Court for a "discovery [order] to reserve evidence of camera footage, documents, and all records of [his] complaints and inquiries" at TTCC and WCFA. (Doc. No. 99, PageID# 573.) CoreCivic, Beaver, Matthews, Mitchell, Moore, and Murray oppose Bowles's discovery motion. (Doc. No. 110.) They argue that the Court should deny the motion because, among other reasons, "Bowles has not served discovery requests . . . for these documents and materials . . . ." (*Id.* at PageID# 609.)

Discovery has not begun in this action and will not begin until each named defendant receives or waives service of process and the Court enters a scheduling order. The Court will therefore deny as premature Bowles's motion for a discovery order. However, evidence

preservation letters are routine in the context of civil discovery, and the Court will construe Bowles's filing as such a letter directed to these defendants.

### H. Motion for Leave to File a Motion for a Safety Transfer Under Seal

The Court has repeatedly denied Bowles's requests for a court-ordered transfer to another state or federal correctional facility. (Doc. Nos. 37, 85.) For example, in an April 18, 2023 order, the Court found that:

> "[I]n general, a federal district court cannot order the transfer of a prisoner because the housing location of prisoners is a matter within executive rather than judicial purview." *Roach v. Hiland*, No. 5:12CV-P169, 2013 WL 1501424, at *2 (W.D. Ky. Apr. 11, 2013) (citing *United States v. Warren*, 610 F.2d 680, 684–85 (9th Cir. 1980)). "Only in rare and extreme circumstances when there is evidence that an inmate's life or safety is in imminent danger would a federal court have the authority to order the transfer of a prisoner." *Id.* (citing *Walker v. Lockhart*, 713 F.2d 1378, 1383 (8th Cir. 1983)). Here, Bowles has not met the evidentiary standard to justify a court-ordered transfer because he presents only his own conclusory statements about his treatment at WCFA (Doc. No. 42), statements that CoreCivic disputes in Amos's sworn declaration (Doc. No. 75). *See id.* (denying plaintiff's motion for transfer where "[p]laintiff offered no evidence other than his own statements that he has been denied medical care or that he is entitled to be transferred because he needs medical attention or because he may be retaliated against" (citing *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000))).

(Doc. No. 85, PageID# 531–32 (alterations in original).)

Nevertheless, Bowles has filed an "under seal request" asking the Court for a safety transfer. (Doc. No. 154, PageID# 856.) Because parties may only file documents under seal with the Court's permission, the Court has construed Bowles's request as a motion for leave to file a sealed motion for a safety transfer.

"The public has a strong interest in obtaining the information contained in the court record[,]" and there is a "'strong presumption'" that court records be open. *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (alteration omitted) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179–80 (6th Cir. 1983)). This presumption of openness rests on the idea that, among other things, "the public is entitled to assess for itself the

merits of judicial decisions" and has a strong interest in viewing the evidence and arguments on which courts base those decisions. *Shane Grp.*, 825 F.3d at 305. A party seeking to seal court documents therefore bears a heavy burden: "Only the most compelling reasons can justify non-disclosure of judicial records." *Id.* (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). In general, "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access." M.D. Tenn. R. 5.03(a) (contents of motion to seal). The party seeking to seal all or part of a record "must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane Grp.*, 825 F.3d at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)); *see also* M.D. Tenn. R. 5.03(a) (requiring that motions to seal "specifically analyz[e] in detail, document by document, the propriety of secrecy, providing factual support and legal citations").

Bowles makes only general statements in his motion to seal, many of which he has made in other unsealed filings. Accordingly, he has not satisfied the rigorous standards to justify sealing public court records, and his request for leave to file a sealed motion for a safety transfer will be denied. His requests for a court-ordered safety transfer (Doc. Nos. 111, 155) will also be denied for the same reasons the Court denied his prior transfer requests. (Doc. Nos. 37, 85.)

### I.   Remaining Motions

Bowles's remaining pending motions include a motion for "the Court to Question the Credibility of . . . Marlon Rowe" (Doc. No. 80, PageID# 498); an "Urgent Reply" to the defendants' answer (Doc. No. 81, PageID# 504); motions soliciting settlement proposals from the defendants (Doc. Nos. 82, 97); a motion "to Correct the Assumptions of Defendants' Counsel" (Doc. No. 84, PageID# 521); a "Motion to Reserve Call For Witnesses" (Doc. No. 94,

PageID# 561); a motion "to Receive Property" (Doc. No. 95, PageID# 563); motions for Court "Awareness" (Doc. No. 101, PageID# 578; Doc. No. 111, PageID# 611; Doc. No. 141, PageID# 738); and a motion for "Urgent Court Response" (Doc. No. 140, PageID# 734).

Neither the Federal Rules of Civil Procedure nor this Court's Local Rules provide for any such motions, and Bowles has not identified any legal basis for the Court to provide him with the relief he seeks in these motions. These motions will therefore be denied.

Bowles is reminded that "[a]ny . . . request for relief by a party must be in the form of a *proper* motion that clearly states the relief sought and the grounds for seeking." (Doc. No. 36, PageID# 265 (emphasis added).) The only proper motions are those provided by the Federal Rules and this Court's Local Rules. Bowles's pro se status "does not excuse [him] from complying with the Federal Rules of Civil Procedure or the Court's Local Rules." *Alexander v. Univ. of Memphis*, No. 3:17-cv-01453, 2020 WL 1429747, at *2 (M.D. Tenn. Mar. 24, 2020) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

**III.    Conclusion**

For these reasons, Bowles's motion to appoint counsel (Doc. No. 112) is DENIED WITHOUT PREJUDICE; Bowles's motion for leave to amend (Doc. No. 142) is DENIED; Bowles's motion to correct defendants' names (Doc. No. 96) is FOUND MOOT IN PART and DENIED IN PART; Bowles's motion for a discovery order (Doc. No. 99) is DENIED; Bowles's motion for leave to file a motion for a safety transfer under seal (Doc. No. 154) is DENIED; his requests for a safety transfer (Doc. Nos. 111, 155) are DENIED; and Bowles's remaining motions (Doc. Nos. 80, 81, 82, 84, 94, 95, 97, 101, 111, 140, 141) are DENIED.

Bowles's motion for the Court's assistance serving Huddleston and Rowe (Doc. No. 98) is GRANTED IN PART. The Court will issue a separate order addressing the status of service on Huddleston, Rowe, Jackson, and Harris.

The Clerk of Court is DIRECTED TO ADMINISTRATIVELY TERMINATE Bowles's motions for restraining orders (Doc. Nos. 79, 103, 159) and to UNSEAL Bowles's request for a safety-transfer (Doc. No. 155).

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge