# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| MARIO BOWLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:22-cv-00032 |
| | ) | |
| TENNESSEE DEPARTMENT OF | ) | |
| CORRECTION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Magistrate Judge has recently issued two Reports and Recommendations for the Court's consideration: (1) the Magistrate Judge's Report and Recommendation recommending that the Court dismiss Plaintiff Mario Bowles's ("Bowles") claims against Defendants Nakynia Jackson ("Jackson") and Jeree Harris ("Harris") without prejudice under Federal Rule of Civil Procedure 4(m) for Bowles's failure to effect service of process ("First R&R") (Doc. No. 253); and (2) the Magistrate Judge's Report and Recommendation recommending that the Court (a) grant in part and deny in part Defendants CoreCivic, Inc. ("CoreCivic"), Capital Samuel Beaver ("Beaver"), Lieutenant Edmond Hill ("Hill"), Captain Victor Huddleston ("Huddleston"), Case Manager Carolyn Matthews ("Matthews"), Capitan Kyla Mitchell ("Mitchell"), Officer Andrea Moore ("Moore"), Lieutenant Craig Murray ("Murray"), Officer Marlon Rowe ("Rowe"), and Case Manager Chevone Smith's ("Smith") (collectively, "CoreCivic Defendants") motion for summary judgment (Doc. No. 204); (b) grant Defendant Contract Monitor Christoper Brun's ("Brun") motion for summary judgment (Doc. No. 246); (c) deny Bowles's motion for summary judgment (Doc. No. 17); (d) deny the parties' motions to quash and strike (Doc. Nos. 222, 235, 239, 249); and (e) construe Bowles's motion to deny Defendants' motions to strike his statement

of undisputed material facts (Doc. No. 242) as his response in opposition to those motions ("Second R&R") (Doc. No. 254).

Before the Court are: (1) Bowles's objections to the First R&R (Doc. No. 265); (2) Bowles's objections to the Second R&R (Doc. No. 266); and (3) Moore's objections to the Second R&R (Doc. No. 257). Where objections were properly raised or where the interests of justice required, the Court conducted a *de novo* review under Federal Rule of Civil Procedure 72(b).

For the reasons stated in the accompanying Memorandum Opinion, the Court rules as follows:

1. Moore's objections to the Second R&R (Doc. No. 257) are **OVERRULED**;

2. Bowles's objections to the First R&R (Doc. No. 265) are **OVERRULED**;

3. Bowles's objections to the Second R&R (Doc. No. 266) are **OVERRULED**;

4. The First R&R (Doc. No. 253) and Second R&R (Doc. No. 254) are both **APPROVED** and **ADOPTED**;

5. Pursuant to Rule 4(m), Bowles's claims against Jackson and Harris are **DISMISSED WITHOUT PREJUDICE**;

6. Bowles's motion to quash the CoreCivic Defendants' summary judgment declarations (Doc. No. 222) is **DENIED**;

7. Bowles's motion to deny the defendants' motions to strike his statement of undisputed material facts (Doc. No. 242) is **CONSTRUED** as Bowles's response in opposition to those motions;

8. The CoreCivic Defendants' motion to strike Bowles's statement of undisputed material facts (Doc. No. 235) is **DENIED**;

9.  Brun's motion to strike Bowles's statement of undisputed material facts (Doc. No. 239) is **DENIED**;

10. The CoreCivic Defendants' motion for summary judgment (Doc. No. 204) is **DENIED** with respect to Bowles's Eighth Amendment failure-to-protect claim against Moore and is **GRANTED** with respect to Bowles's remaining claims against CoreCivic, Beaver, Hill, Huddleston, Matthews, Mitchell, Murray, Rowe, and Smith;

11. Brun's motion for summary judgment (Doc. No. 246) is **GRANTED**;

12. Bowles's motion for summary judgment (Doc. No. 217) is **DENIED**; and

13. The Clerk of Court shall **ADMINISTRATIVELY TERMINATE** Moore's renewed motion for summary judgment (Doc. No. 260) **WITHOUT PREJUDICE**.

IT IS SO ORDERED.


_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE