UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| MARIO BOWLES, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 3:22-cv-00032 |
| TENNESSEE DEPARTMENT OF CORRECTION, et al., | ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

On March 26, 2025, the Court approved and adopted the Magistrate Judge's two February 10, 2025 Reports and Recommendations ("R&Rs") (Doc. Nos. 253, 254), and dismissed all of Plaintiff Mario Bowles's ("Bowles") claims except his Eighth Amendment failure-to-protect claim against Defendant Andrea Moore. (Doc. Nos. 275, 276). Before the Court is Bowles's Motion for Reconsideration, requesting that the Court decline to adopt the Magistrate Judge's R&Rs and instead grant summary judgment in his favor for all of his claims against Defendants. (Doc. No. 284). Bowles bases his motion on recitations of prior arguments on the underlying R&Rs, his newfound belief that the Magistrate Judge has improperly favored Defendants during the litigation, and assertions that he has been denied the resources necessary to pursue his claims. (Doc. No. 267). For the reasons that follow, none of Bowles's arguments warrant reconsideration of the Court's March 26, 2025 order (Doc. No. 276), and so his motion (Doc. No. 284) is **DENIED**.

As a threshold matter, the applicable authority governing Bowles's motion is not clear from the face of his briefing. (See Doc. Nos. 284–85). This omission, particularly given Bowles's status as a *pro se* litigant, is understandable. Indeed, "[t]he Federal Rules of Civil Procedure do not provide for a 'motion for reconsideration[.]'" In re Greektown Holdings, LLC, 728 F.3d 567,

573 (6th Cir. 2013). While Local Rule 7.01(a) does reference motions for reconsideration, it does so only within the context of responsive motions, stating:

> *Except for motions for reconsideration* (to which no response shall be filed unless ordered by the Court), any party opposing a motion must serve and file a memorandum of law in response, and, if necessary to support assertions of fact, affidavits and depositions, not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court. The response shall not exceed twenty-five (25) pages without leave of Court. If a timely response is not filed, the motion shall be deemed to be unopposed, except for motions to reconsider for which no response shall be permitted unless ordered by the Court.

M.D. Tenn. L.R. 7.01(a)(3) (emphasis added). Still, the Sixth Circuit has opined that a motion for reconsideration of an interlocutory order—like the one subject to the instant motion—may be properly raised under Federal Rule of Civil Procedure 54(b). Rodriguez v. Tennessee Laborers Health & Welfare Fund, 89 F. App'x 949, 952, 959 (6th Cir. 2004) ("District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment."). Given this, the Court construes Bowles's motion as brought pursuant to Rule 54(b).

The Rodriguez panel instructed that "courts will find justification for reconsidering interlocutory orders [under Rule 54(b)] when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Id. at 959. Bowles does not specify which of these considerations he bases his motion on. (See Doc. Nos. 284–85). Given he presents no evidence or argument relevant to the first two considerations, the Court surmises that the bases for Bowles's motion—his prior arguments that he is entitled to summary judgment, the Magistrate Judge's supposed bias, and his lack of access to legal resources—all fall into the third consideration. (See id.).

None of Bowles's arguments present the Court with a need to reconsider its prior order to correct a clear error or prevent a manifest injustice. See Rodriguez, 89 F. App'x at 959. Bowles's first ground for reconsideration, that he is entitled to summary judgment on his claims, has been repeatedly addressed by both the Magistrate Judge and this Court. The Court declines to entertain this argument for a third time, as motions for reconsideration on "reiterated arguments that the court ha[s] previously rejected" are not appropriate. Dassault Systemes, SA v. Childress, 828 F. App'x 229, 249 (6th Cir. 2020); see Johnson v. Unknown Dellatifa, 357 F.3d 539, 544 (6th Cir. 2004) (finding that the district court did not abuse its discretion in denying a Rule 60(b) motion where the movant merely reiterated arguments that he previously made and that the district court had dismissed); Erby v. Kula, 98 F. App'x 405, 407 (6th Cir. 2004) (same); Bey v. Johnson Cnty., 2016 WL 11804542, at *1 (E.D. Tenn. Apr. 11, 2016) (applying this principle to a Rule 54(b) motion); see also Rodriguez, 89 F. App'x at 959 n.8 (finding district court's reliance on Rules 59(e) and 60 as reference points to consider prejudice for Rule 54(b) motion appropriate). In any event, the Court finds no clear error in its approval and adoption of the R&Rs that would give credence to Bowles's argument and warrant summary judgment be granted in his favor. (See Doc. No. 275).

Bowles's second argument that the Court should reconsider its March 26, 2025 order, that the Magistrate Judge has improperly favored Defendants, again fails procedurally and substantively. Given this is the first time Bowles has raised this argument before the Court, he has already forfeited it. United States v. Huntington Nat'l Bank, 574 F.3d 329, 331–32 (6th Cir. 2009) (arguments raised "for the first time in a motion for reconsideration" are "generally forfeited"); see Every v. Brennan, 2018 WL 4568600, at *2 (E.D. Tenn. Sep. 24, 2018) (applying this principle to a Rule 54(b) motions). Even if the Court were to consider Bowles's argument on the merits for

the sake of ensuring he suffers no manifest injustice, it still fails. Not only does Bowles fail to present any credible theory demonstrating the Magistrate Judge's alleged bias, but the Court finds such allegations wholly without merit. Indeed, the Court has thoroughly reviewed the parties' briefing on their various motions, the evidence in the record, the Magistrate Judge's R&Rs, and Bowles's prior objections to them. (Doc. No. 275). In doing so, the Court found the Magistrate Judge's analyses to be sound, agreed with her conclusions, and accordingly approved and adopted the R&Rs. (See id.). Bowles raises no viable basis for the Court to reconsider the validity of the R&Rs now.

Bowles's third argument, that he has been denied legal resources to pursue his claims through inadequate access to the law library and the docket, as well as purported "mail fraud," is also unsuccessful. The Court sympathizes with the constraints on Bowles's ability to litigate his case given his incarceration. However, this argument does not warrant reconsideration of the Court's order approving and adopting the R&Rs. Again, Bowles did not bring these circumstances before the Court in a timely fashion, nor did he provide evidence substantiating his assertions. See Huntington Nat'l Bank, 574 F.3d at 331–32. That aside, Bowles's argument is, to some extent, contradicted by the record, which reflects that Bowles has had access to legal resources and the docket throughout this litigation. Indeed, Bowles has: repeatedly filed timely responses to Defendants' motions; requested and received docket entries in an expeditious manner; been given generous extensions of deadlines to accommodate his circumstances; and frequently submitted briefs with various references to on-point legal authority. (See, e.g., Doc. Nos. 253, 283, 287). Considering this, Bowles's contention that he is being deprived of the opportunity to pursue his case appears to be a belated attempt to raise new causes of action that bear no relation to the outcome of the current dispute. See, e.g., Williams v. Lee, 584 F.2d 1336, 1338 (4th Cir. 1978)

(inadequate access to law library while incarcerated is its own constitutional claim). Because it is evident from a brief review of the docket that Bowles has been able to meaningfully litigate his claims, even if to no avail, the Court finds it is not necessary to reconsider its approval and adoption of the R&Rs to prevent any manifest injustice to him.

At bottom, Bowles offers no compelling reason for the Court to reconsider its March 26, 2025 order approving and adopting the R&Rs. (Doc. Nos. 275, 276). Accordingly, Bowles's Motion (Doc. No. 284) is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE