UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARIO BOWLES, | |
| Plaintiff, | |
| | Case No. 3:22-cv-00032 |
| v. | |
| | Judge Waverly D. Crenshaw, Jr. |
| TENNESSEE DEPARTMENT OF CORRECTION et al., | Magistrate Judge Alistair E. Newbern |
| Defendants. | |

To:     The Honorable Waverly D. Crenshaw, Jr., District Judge

## REPORT AND RECOMMENDATION

Incarcerated pro se Plaintiff Mario Bowles initiated this action in January 2022 by filing a complaint under 42 U.S.C. § 1983 alleging violations of his civil rights. (Doc. No. 1.) More than three years and three-hundred docket entries later, just one cause of action remains—Bowles's claim that Defendant Officer Andrea Moore failed to protect him from harm in violation of his Eighth Amendment rights. All other claims and defendants have been dismissed through dispositive motions or for Bowles's failure to establish service of process. (Doc. Nos. 13, 16, 253, 254, 275, 276.)

Now before the Court are Moore's motion for leave to file a renewed motion for summary judgment (Doc. No. 286), Moore's proposed renewed motion for summary judgment (Doc. No. 286-1), Bowles's motion for appointment of counsel (Doc. No. 292), Bowles's motion for leave to amend his complaint (Doc. No. 293), and Bowles's motion "for Magistrate and Chief Judge Acceptance" asking the Court to "accept[ ] and grant[ ]" his other motions (Doc. No. 296, PageID# 2206, 2208).

Considering the record as a whole and for the reasons that follow, the Magistrate Judge will recommend that the Court grant Moore's motion for leave to file a renewed summary judgment motion, grant Moore's renewed motion for summary judgment, and deny Bowles's outstanding motions.

## I.     Relevant Background

### A.     Factual Background

Bowles's remaining claim against Moore arises out of his incarceration at Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee. (Doc. Nos. 13, 16.) Bowles alleges that he arrived at TTCC on April 9, 2021, and refused to be transferred to TTCC's main compound because he was afraid for his safety. (Doc. No. 16.) According to Bowles, he told TTCC staff that, because he had been mistaken for a gang member who had cooperated with law enforcement, others had put a hit out on him for a lot of money. (*Id.*) Bowles alleges that, on May 21, 2021, TTCC Case Manager Nakynia Jackson told him to go to the main compound. (*Id.*) Bowles refused and tried to explain the danger. (*Id.*) Bowles states that Moore, Lieutenants Emond Hill and Craig Murray and Officer Marlon Rowe arrived, handcuffed him, and took him to a housing unit in the main compound. (*Id.*) He states that the unit manager told Moore, Hill, Murray, and Rowe to take Bowles to segregation, but they refused, forced Bowles into a cell, removed the handcuffs, and locked him in. (*Id.*) Bowles alleges that a group of twenty-five gang members then came to his cell intending to kill him, but someone who knew Bowles from another compound screamed out "That's not him!" and an officer assisted Bowles. (*Id.*) Bowles states that he eventually returned to his original cell outside the main compound. (*Id.*)

Moore states in a sworn declaration that she does not remember escorting Bowles to the main compound on May 21, 2021. (Doc. No. 286-4.) Moore states that she "would not have been involved in any decision to transfer Bowles to the main compound" and that, if she "had perceived

or had reason to perceive any danger to Bowles, [she] immediately would have contacted [her] shift supervisor to ask for support." (*Id.* at PageID# 2089, ¶¶ 4, 6.) Moore states that "[u]nder no circumstances would [she] have consciously disregarded any danger to Bowles during his transfer to the main compound." (*Id.* at ¶ 5.)

### B. Procedural History

On January 5, 2023, the Court granted Bowles's applications for leave to proceed *in forma pauperis* and screened Bowles's operative complaint under 28 U.S.C. §§ 1915(e)(2)(B), 1915A, and 42 U.S.C. § 1997e(c)(1).[1] (Doc. Nos. 36, 37.) The Court found that Bowles had stated colorable Eighth Amendment failure-to-protect claims against Moore, Jackson, Hill, Murray, and Rowe arising from Bowles's transfer to the TTCC main compound on May 21, 2021, among other colorable claims, and allowed these claims to proceed for further development. (Doc. Nos. 36, 37.) The Court referred this action to the Magistrate Judge to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B). (Doc. No. 37.)

In late January 2023, Bowles moved for leave to amend his complaint (Doc. No. 40) and attached a copy of his proposed amended complaint (Doc. No. 40-1). The Court found that Bowles's proposed amended complaint "include[d] only the newly amended claims he [sought] to add to his complaint" and therefore did not comply with Local Rule 15.01(b), which "requires that '[a]mended pleadings must restate the entirety of the pleading with amendments incorporated, rather than merely reciting the amended sections.'" (Doc. No. 85, PageID# 530 (third alteration in original) (quoting M.D. Tenn. R. 15.01(b) (form of amended pleadings)).) The Court therefore denied Bowles's motion for leave to amend without prejudice. (Doc. No. 85.)

---

[1] The Court explained in its screening memorandum opinion that it "considers Doc. Nos. 13 and 16 together as the operative complaint" in this action. (Doc. No. 36, PageID# 263, n.1.)

3

A few months later, Bowles filed a motion for appointment of counsel. (Doc. No. 112.) The Court denied Bowles's motion to appoint counsel without prejudice, finding "no exceptional circumstances to warrant appointment of counsel at this time." (Doc. No. 172, PageID# 957.) The Court explained that, "[i]f circumstances in this case change—for example, if Bowles's claims survive summary judgment and proceed to trial—Bowles may raise the issue of appointed counsel again." (*Id.*)

In June 2023, Bowles again moved for leave to amend his complaint (Doc. No. 142) and attached a three-page "complaint" (Doc. No. 142-2, PageID# 787) that incorporated by reference a thirty-six-page "petition" (Doc. No. 142-1, PageID# 748). The Court found that, as best it could "tell from Bowles's filings, the purpose of his motion for leave to amend [was] to re-assert and perfect claims that the Court dismissed in screening Bowles's amended complaint . . . ." (Doc. No. 172, PageID# 961.) The Court further found that it had "explained in its screening memorandum opinion why these claims fail as a matter of law" and that "Bowles's proposed second amended complaint (Doc. No. 142-2) and lengthy handwritten petition (Doc. No. 141-1), . . . [did] not present[ ] any new allegations that would materially change the Court's analysis." (*Id.*) Accordingly, the Court denied Bowles's motion for leave to amend as futile. (Doc. No. 172.)

Eventually, most of the defendants appeared and answered Bowles's complaint (Doc. Nos. 76, 118, 130, 137, 178), and the parties filed cross-motions for summary judgment (Doc. Nos. 204, 217, 246).[2] Moore, Hill, Murray, and Rowe argued that they were entitled to summary judgment on Bowles's Eighth Amendment failure-to-protect claims against them because there

---

[2]     Jackson and Jeree Harris were never served with process in this action and never appeared or responded to Bowles's claims. The Court dismissed Bowles's claims against Jackson and Harris without prejudice under Federal Rule of Civil Procedure 4(m) for failure to effect service of process. (Doc. Nos. 253, 275, 276, 288.)

were no genuine disputes of material fact in the record that Moore, Hill, Murray, and Rowe each lacked the subjective mental state required to prevail on a failure-to-protect claim. (Doc. No. 205.) On February 10, 2025, the Magistrate Judge entered a report and recommendation recommending that the Court deny Bowles's motion for summary judgment and grant all the defendants' motions for summary judgment except Moore's. (Doc. No. 254.) The Magistrate Judge explained that, while Hill, Murray, and Rowe had filed sworn declarations in support of their summary judgment motions sufficient to show no genuine issues of material fact as to their subjective mental states, Moore had not filed a declaration addressing her own subjective mental state and, thus, had not carried her initial burden to show that she was entitled to summary judgment on Bowles's Eighth Amendment failure-to-protect claim against her. (*Id.*)

Moore filed an objection to the report and recommendation, arguing, among other things, that, even without Moore's supporting declaration, there was no genuine dispute of material fact that Bowles could not establish the subjective or objective elements of his failure-to-protect claim against her. (Doc. No. 257.) Moore also stated that her counsel had "recently obtained a declaration from Moore and [ ] intend[ed] to file a [r]enewed [m]otion for [s]ummary [j]udgment on [Moore's] behalf that includes such evidence." (*Id.* at PageID# 1777, n.1.) Two days later, Moore filed a renewed motion for summary judgment (Doc. No. 260) accompanied by her sworn declaration (Doc. No. 262). Bowles also filed an objection to the report and recommendation. (Doc. No. 266.)

The Court adopted the Magistrate Judge's report and recommendation over Moore's and Bowles's objections, denying Bowles's motion for summary judgment, denying Moore's motion for summary judgment on Bowles's Eighth Amendment failure-to-protect claim against her, and granting the remaining defendants' motions for summary judgment. (Doc. Nos. 275, 276.) The Court found that Moore had waived her argument regarding "the objective component of Bowles's

claim against her" by failing to raise that argument before the Magistrate Judge and rejected Moore's other objections. (Doc. No. 275, PageID# 1972.) The Court further found that "Moore should have sought leave of Court prior to" filing her renewed motion for summary judgment. (*Id.* at PageID# 1976, n.8 (citing *Bruce v. Levy Premium Foodservices Ltd. P'ship of Tenn.*, Case No. 3:16-cv-02734, 2022 WL 18716517, at *1 (M.D. Tenn. Feb. 28, 2022)). The Court therefore directed the Clerk of Court to administratively terminate Moore's renewed motion for summary judgment without prejudice. (Doc. No. 276.)

The Magistrate Judge entered a scheduling order to govern remaining proceedings on Bowles's failure-to-protect claim against Moore. (Doc. No. 277.) The scheduling order set May 27, 2025, as the deadline for filing motions to amend the pleadings; September 29, 2025, as the deadline for completing discovery; and December 1, 2025, as the deadline for filing dispositive motions related to Bowles's remaining claim against Moore. (*Id.*)

On April 23, 2025, Moore filed a motion for leave to file a renewed summary judgment motion (Doc. No. 286), a proposed renewed motion for summary judgment (Doc. No. 286-1), a proposed supporting memorandum of law (Doc. No. 286-2), a proposed statement of undisputed material facts (Doc. No. 286-3), and her declaration (Doc. No. 286-4). The Court ordered Bowles to respond to Moore's filings and to "address (1) whether Moore should be granted leave to file a renewed [summary judgment] motion, and (2) if Moore is granted leave, Bowles's responses to the arguments Moore raises in her proposed memorandum of law in support of her motion . . . ." (Doc. No. 290.)

On May 29, 2025, the Court received several filings from Bowles, including a motion to appoint counsel (Doc. No. 292), a motion for leave to amend his complaint (Doc. No. 293), an eleven-page proposed amended complaint (Doc. No. 293-1), a thirty-five-page "extra-ordinary

amended complaint" (Doc. No. 295, PageID# 2144) with twenty-two pages of exhibits (Doc. No. 295-1), and a motion "for Magistrate and Chief Judge Acceptance" asking the Court to accept and grant his other motions (Doc. No. 296, PageID# 2206). On June 9, 2025, the Court received Bowles's response in opposition to Moore's motion for leave to file a renewed motion for summary judgment (Doc. No. 297), his response in opposition to Moore's proposed motion for summary judgment (Doc. No. 298), and his response in opposition to Moore's proposed statement of undisputed material facts (Doc. No. 299).

Moore filed responses in opposition to Bowles's motion to appoint counsel (Doc. No. 300) and motion for leave to amend (Doc. No. 301). Moore also filed a reply in support of her motion for leave to file a renewed motion for summary judgment. (Doc. No. 302.)

Bowles filed a reply in support of his motion to amend (Doc. No. 303) and a surreply in opposition to Moore's motion for leave to file a renewed motion for summary judgment (Doc. No. 304).

## II. Analysis

### A. Moore's Motion for Leave to File a Renewed Motion for Summary Judgment

"District courts may in their discretion permit renewed or successive motions for summary judgment, particularly when the moving party has expanded the factual record on which summary judgment is sought." *Lexicon, Inc. v. Safeco Ins. Co. of Am., Inc.*, 436 F.3d 662, 670 n.6 (6th Cir. 2006) (alteration omitted) (quoting *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 835 (6th Cir. 2000) (Gilman, J., concurring)).

Moore states that her "counsel repeatedly attempted to locate Moore prior to filing" the first motion for summary judgment, "including by, among other things, hiring a private investigator, sending messages to email addresses potentially belonging to Moore, and making calls to telephone numbers potentially belonging to Moore." (Doc. No. 286, PageID# 2067.)

7

Moore states that, "[d]espite these efforts, . . . counsel were unable to locate Moore prior to filing the [first summary judgment] [m]otion and, therefore, were unable to submit a declaration on her behalf." (*Id.*) Moore states that, "following the Magistrate Judge's [r]eport and [r]ecommendation, . . . counsel redoubled their efforts to locate Moore, re-engaged a private investigator, and ultimately were able to locate and obtain a signed [d]eclaration from Moore." (*Id.*) Moore argues that her newly submitted declaration "expands the factual record on which summary judgment [was] based" and that the Court should therefore allow her to file a renewed motion. (*Id.* at PageID# 2068.)

Bowles disagrees. He argues that Moore has "not demonstrate[d] . . . an expanded factual record[.]" (Doc. No. 297, PageID# 2213.) Bowles argues that Moore's declaration mirrors the declarations that Hill, Murray, and Rowe submitted in support of their summary judgment motions and argues that the statements in Moore's declaration are "not fact(s) at [all]; only excuse(s) and denial(s) of . . . consciously manifested official misconduct . . . ." (*Id.* at PageID# 2214 (parentheses and brackets in original); *see also* Doc. No. 304, PageID# 2320, ¶ 2 (arguing that Moore's declaration mirrors Hill's, Murray's, and Rowe's summary judgment declarations).)

Federal Rule of Civil Procedure 56(c) provides that parties may rely on declarations in the record to establish facts for purposes of summary judgment. Fed. R. Civ. P. 56(c)(1)(A). The Court found that the factual record for the first summary judgment motions contained declarations from Hill, Murry, and Rowe that supported their arguments that Bowles could not prove the subjective knowledge element of his Eight Amendment failure-to-protect claims against them. (Doc. No. 254.) But the factual record lacked a declaration from Moore, and Moore did not identify any other record evidence showing her subjective knowledge of the alleged danger to Bowles on the TTCC main compound. (*Id.*) The declaration Moore has submitted in support of her proposed

renewed summary judgment motion addresses Moore's subjective knowledge of that alleged danger. (Doc. No. 286-4.) Moore's declaration therefore expands the factual record on which she seeks summary judgment.

Bowles has not argued that Moore could have submitted her declaration earlier, and Bowles has not challenged Moore's assertions that her counsel diligently tried to obtain a declaration from Moore before filing the first motion for summary judgment.

Under the unique circumstances present here, the Court should exercise its discretion to allow Moore's renewed motion for summary judgment. *See Lexicon, Inc.*, 436 F.3d at 670 n.6.

### B. Moore's Renewed Motion for Summary Judgment

#### 1. Summary Judgment Legal Standard

In resolving a motion for summary judgment, the Court must undertake "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Under Federal Rule of Civil Procedure 56, a court must grant summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law[,]" and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of demonstrating that no genuine issues of material fact exist. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets its burden, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (citation omitted); *see also Blizzard v. Marion Tech. Coll.*, 698

F.3d 275, 282 (6th Cir. 2012) ("Once a moving party has met its burden of production, 'its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.'" (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986))). The parties "must support" their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or, alternatively, by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)–(B). Courts must view the record evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009). However, if the moving party carries its initial burden, the non-moving party must show more than "[t]he mere existence of a scintilla of evidence in support of" his or her position. *Anderson*, 477 U.S. at 252. In order to proceed to trial, "there must be evidence on which the jury could reasonably find" for the non-moving party. *Id.*

### 2. Bowles's Remaining Claim Against Moore

The only remaining cause of action in Bowles's fourth amended complaint is his § 1983 claim that Moore violated his Eighth Amendment rights on May 21, 2021.

"Section 1983 provides a civil enforcement mechanism for all inmates who suffer constitutional injuries at the hands of '[a]ny person acting under color of state law.'" *Ford v. Cnty. of Grand Traverse*, 535 F.3d 483, 494 (6th Cir. 2008) (alteration in original) (quoting 42 U.S.C. § 1983). To prevail on a § 1983 claim, a plaintiff must show "(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of

state law." *Shadrick v. Hopkins Cnty.*, 805 F.3d 724, 736 (6th Cir. 2015) (quoting *Jones v. Muskegon Cnty.*, 625 F.3d 935, 941 (6th Cir. 2010)).

Moore has not disputed that she is a state actor for purposes of liability under § 1983, and the Court finds that Moore acted under color of state law within the meaning of the statute. *See, e.g.*, *Taylor v. Cunningham*, Case No. 3:22-cv-00296, 2024 WL 763343, at *6 (M.D. Tenn. Feb. 7, 2024) (finding that defendant correctional officer acted under color of state law for purposes of § 1983 liability) (first citing *Meadows v. Putnam Cnty.*, No. 2:19-cv-00006, 2020 WL 1532311, at *3 (M.D. Tenn. Mar. 31, 2020); and then citing *Lee v. Smithson*, No. 3:18-cv-01203, 2018 WL 6832094, at *2 (M.D. Tenn. Dec. 28, 2018)), *report and recommendation adopted*, 2024 WL 758531 (M.D. Tenn. Feb. 23, 2024). The only question before the Court is whether the expanded summary judgment record contains genuine issues of material fact that Moore violated Bowles's Eighth Amendment rights.

The Eighth Amendment, which applies to state governments through the Fourteenth Amendment, protects convicted incarcerated people from cruel and unusual punishments. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The prohibition on cruel and unusual punishments also imposes a duty on prison officials to "take reasonable measures to guarantee the safety of the inmates" and "'to protect prisoners from violence at the hands of other prisoners.'" *Id.* at 832, 833 (first quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984); and then quoting *Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir. 1998)). Eighth Amendment failure-to-protect claims have an objective and subjective component. "In order to establish liability under the Eighth Amendment for a prison official's failure to protect her, an inmate must demonstrate that the official was deliberately indifferent 'to a substantial risk of serious harm' to the inmate." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (quoting *Farmer*, 511 U.S. at 825). To show deliberate

indifference, the plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Id.* (alteration in original) (quoting *Farmer*, 511 U.S. at 829); *see also Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001) ("A 'sufficiently culpable state of mind' is one in which 'the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" (quoting *Farmer*, 511 U.S. at 837)).

In her renewed motion for summary judgment, Moore argues that Bowles cannot prove the subjective or objective elements of his Eighth Amendment failure-to-protect claim against her. (Doc. No. 286-2.) With respect to the subjective element, Moore argues that she was not aware of any risk to Bowles's safety at the TTCC main compound. (*Id.*) Moore points to her sworn summary judgment testimony that she "do[es] not remember escorting . . . [Bowles] to the main compound at Trousdale on May 21, 2021[,]" "would not have been involved in any decision to transfer Bowles to the main compound[,]" and, "[i]f [she] had perceived or had reason to perceive any danger to Bowles, [she] immediately would have contacted [her] shift supervisor to ask for support." (Doc. No. 286-4, PageID# 2089, ¶¶ 3, 4, 6.) This evidence, considered with the record evidence as a whole, is sufficient to carry Moore's initial burden to show that there is no genuine factual dispute that Moore lacked the subjective mental state necessary for Bowles to succeed on his Eighth Amendment failure-to-protect claim against her.

In response to Moore's renewed motion for summary judgment, Bowles states under penalty of perjury that he informed Moore and other TTCC officials about the danger of him being housed at the main compound when he arrived at TTCC on April 9, 2021, and again on May 21,

2021. (Doc. Nos. 298, 299.) Specifically, Bowles asserts that he "warn[ed]" Moore "of identity mix-ups against him" and the existence of a "gang" "bounty based on [the] identify mix-ups . . . ." (Doc. No. 298, PageID# 2225, 2228.) Bowles asserts that "Moore consciously and knowingly disregarded the dangers against . . . [Bowles] and assisted [Hill, Murray, and Rowe] . . . in bad faith and personal interest of 'bounty'." (Doc. No. 299, PageID# 2243, ¶ 2.)

Construing these facts in the light most favorable to Bowles, as required, Bowles may have created a question of fact about whether Moore was "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed],'" but Bowles has not identified sufficient record evidence to support a reasonable jury finding that Moore "'also dr[e]w the inference.'" *Curry*, 249 F.3d at 506 (quoting *Farmer*, 511 U.S. at 837). In other words, Bowles has not identified sufficient record evidence to support a reasonable jury finding that Moore believed Bowles faced a substantial risk of serious harm on the TTCC main compound. Nor has Bowles identified record evidence "that there was an 'obvious,' substantial risk to [Bowles's] safety such that a factfinder may be permitted to nonetheless conclude that [Moore] 'must have known' of such a risk." *Reedy v. West*, 988 F.3d 907, 915–16 (6th Cir. 2021) (quoting *Farmer*, 511 U.S. at 842–43). "[T]hreats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm." *Id.* at 915 (alteration in original) (quoting *Varmado-El v. Martin*, 52 F. App'x 764, 765–66 (6th Cir. 2002)). "The failure to alleviate a significant risk that an officer 'should have perceived but did not' is insufficient for a claim of deliberate indifference[.]" *Troutman v. Louisville Metro Dep't of Corr.*, 979 F.3d 472, 483 (6th Cir. 2020) (quoting *Farmer*, 511 U.S. at 838); *see also Farmer*, 511 U.S. at 838 ("[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.").

Because Bowles has not identified more than a mere scintilla of evidence that Moore had a sufficiently culpable state of mind, Moore is entitled to summary judgment on Bowles's failure-to-protect claim against here.[3]

### C. Bowles's Motions

Because Moore has shown that she is entitled to summary judgment on Bowles's last remaining claim in this action, the Court may deny Bowles's motion to appoint counsel (Doc. No. 292), motion for leave to amend his complaint (Doc. No. 293), and motion for "acceptance" of these motions (Doc. No. 296) as moot. These motions also fail on their merits.

Bowles's renewed motion to appoint counsel does not identify any changed or extraordinary circumstances that would materially alter the Court's analysis of his last motion to appoint counsel. (Doc. No. 172.) Bowles's housing status and limited law library access are common to many incarcerated litigants and do not justify appointment of counsel. *See, e.g.*, *Tolson v. Washburn*, Case No. 3:19-cv-00175, 2020 WL 13984677, at *1 (M.D. Tenn. Mar. 6, 2020) (denying third motion for appointment of counsel, which asserted that plaintiff "was being held in segregation and denied access to legal resources"); *Bunch v. Sargent*, No. 3:18-cv-00760, 2020 WL 4287161, at *1 (M.D. Tenn. July 27, 2020) (Crenshaw, C.J.) (denying pro se plaintiff's motion for appointment of counsel "asserting a lack of access to the prison's law library").

Bowles's motion for leave to amend his complaint primarily seeks to revive claims that the Court has already adjudicated against defendants whom the Court has already dismissed from this

---

[3]     Moore argues in her renewed motion for summary judgment that Bowles also cannot establish the objective element of his failure-to-protect claim against her. (Doc. No. 286-2.) But Moore has not addressed whether it would be appropriate to consider this argument in light of the District Judge's finding (Doc. No. 275) that Moore waived this argument by failing to raise it before the Magistrate Judge in Moore's first motion for summary judgment. Because Moore has shown that she is entitled to summary judgment based on Bowles's failure to establish the subjective prong, the Court need not address Moore's argument regarding the objective prong.

action. (Doc. Nos. 293, 293-1, 295.) Bowles has had ample opportunity to amend his pleadings in the three years since he initiated this action. He has not shown that amending at this late stage of the litigation is justified. *See, e.g.*, *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 805 (6th Cir. 2005) ("When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." (quoting *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001)). Nor has Bowles shown that allowing amendment would not substantially prejudice Moore and the other defendants named in his proposed amended pleadings, many of whom have already been granted summary judgment. *See, e.g.*, *Szoke v. United Parcel Serv. of Am., Inc.*, 398 F. App'x 145, 153 (6th Cir. 2010) ("We have held that a defendant suffers substantial prejudice when a plaintiff waits until after the filing of a summary judgment motion to file a motion to amend." (first citing *Owens Corning v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 257 F.3d 484, 496–97 (6th Cir. 2001); and then citing *Wade*, 259 F.3d at 459)).

Finally, Bowles has not identified any factual or legal basis for granting his motion for acceptance. (Doc. No. 296.)

Accordingly, the Court should deny Bowles's pending motions.

## III. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that the Court GRANT Moore's motion for leave to file a renewed summary judgment motion (Doc. No. 286); GRANT Moore's renewed motion for summary judgment (Doc. No. 286-1); and DENY Bowles's motion to appoint counsel (Doc. No. 292), motion for leave to amend (Doc. No. 293), and motion for acceptance (Doc. No. 296).

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided.

*Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

 Entered this 15th day of July, 2025.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge