# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **MARIO BOWLES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:22-cv-000032** |
| | ) | |
| **TENNESSEE DEPARTMENT OF** | ) | |
| **CORRECTION, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 306) recommending that the Court: grant Defendant Andrea Moore's ("Moore") Motion for Leave to File a Renewed Summary Judgment Motion (Doc. No. 286); grant Moore's Renewed Motion for Summary Judgment (Doc. No. 286-1); and deny Plaintiff Mario Bowles's ("Bowles") Motion to Appoint Counsel (Doc. No. 292), Motion for Leave to Amend (Doc. No. 293), and Motion for Acceptance (Doc. No. 296). Bowles, proceeding pro se, has filed objections to the R&R (Doc. Nos. 310, 311), to which Moore responded (Doc. No. 314). For the following reasons, Bowles's objections will be overruled, and the R&R will be approved and adopted.

## I.    BACKGROUND

Given the various times this Court and the Magistrate Judge have provided the factual background on the instant case, the Court need not do so again here. As a procedural matter, the Court notes that the instant R&R arises from the Magistrate Judge's February 10, 2025 Report and Recommendation recommending that the Court deny Bowles's motion for summary judgment and grant all of the Defendants' motions for summary judgment, except Moore's. (See Doc. No. 254). Both Bowles and Moore objected to the February 10, 2025 Report and Recommendation. (Doc.

Nos. 257, 266). Moore also filed a renewed motion for summary judgment without first seeking leave to do so. (Doc. No. 260). The Court overruled Moore's and Bowles's objections to the February 10, 2025 Report and Recommendation and directed the Clerk of Court to administratively terminate Moore's renewed motion. (Doc. Nos. 275, 276).

On April 23, 2025, Moore filed a motion for leave to file a renewed motion for summary judgment (Doc. No. 286) that Bowles opposed (Doc. No. 297). On July 15, 2025, the Magistrate Judge issued her R&R recommending that the Court grant Moore's motion for leave and renewed motion for summary judgment and deny Bowles's pending motions both as moot and on the merits. (Doc. No. 306 at 15). These recommendations are the subject of Bowles's objections. (Doc. Nos. 310, 311).

## II.     STANDARD OF REVIEW

Bowles raise various objections to the R&R (Doc. No. 311). Before addressing Bowles's objections to the R&R, it is worth emphasizing that the Federal Rules of Civil Procedure and this Court's Local Rules provide that only "specific written objections" to the magistrate judge's proposed factual findings and legal conclusions are considered "proper" for the district court's consideration. Fed. R. Civ. P. 72(b)(2). Proper objections also "must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made . . . to apprise the District Judge of the bases for the objections." L.R. 72.02(a). "The district judge must determine de novo any part of the magistrate judge's disposition [on a dispositive motion] that has been *properly* objected to." Fed. R. Civ. P. 72(b)(2) (emphasis added). In doing so, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id.; see also 28 U.S.C. § 636(b)(1)(C).

2

The rules distinguish between proper objections that deserve de novo review, and "vague, general, or conclusory objections," which do "not meet the requirement of specific objections and [are] tantamount to a complete failure to object." Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001) (citing Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)). Indeed, "an 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." VanDriver v. Martin, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004) (citations and quotations omitted). Further, arguments raised for the first time to the district court on objection are not normally properly before the district court for consideration, as arguments are usually waived when not first presented to the magistrate judge. See Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (party procedurally barred from raising claim not raised before the magistrate judge); The Glidden Co. v. Kinsella, 386 F. App'x. 535, 544 (6th Cir. 2010) (declining to review an issue that the district judge did not consider because it was not presented to the magistrate judge).

Whether objections are properly raised is of great import, as an improper objection amounts to a "failure to properly, specifically, and timely object to a report and recommendation," which "releases the Court from its duty to independently review the matter." Lawhorn v. Buy Buy Baby, Inc., 2021 WL 1063075, at *1 (M.D. Tenn. Mar. 19, 2021). When a litigant makes improper objections, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate [judge] useless." Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991). Under these circumstances, "[t]he functions of the district court are effectively duplicated as both the magistrate [judge] and the district court perform identical tasks," and "[t]his duplication of time and effort wastes judicial resources rather

3

than sav[es] them, and runs contrary to the purposes of the Magistrates Act." Id. With these standards in mind, the Court turns to whether Bowles's objections are proper or meritorious.

## III. DISCUSSION

Bowles objects to the Magistrate Judge's recommendations on Moore's and his pending motions. On the former, Bowles asserts that the Magistrate Judge erred in recommending the Court grant Moore's motion for leave to file a renewed summary judgment motion and motion for summary judgment because the Magistrate Judge: (1) credited Moore's cited evidence, despite Bowles's characterization of it as non-material; and (2) failed to consider Bowles's evidence. (Doc. No. 311). On the latter, Bowles asserts that the Magistrate Judge erred in recommending that his motions to amend and for elbow counsel be denied, given: (1) the liberal standard to amend under the Federal Rules dictates that his motion to amend should have been granted; and (2) Bowles's need for counsel demonstrates that his motion for elbow counsel was appropriate. (Id.). In response, Moore argues that Bowles's objections all fail procedurally and on the merits. (Doc. No. 314).

As with Bowles's last set of objections to the Magistrate Judge's February 10, 2025 R&Rs, his objections here suffer from various procedural flaws that render them improper. (See Doc. No. 275). Like the Court instructed Bowles previously, here, each of the objections fail to *specifically* describe how the Magistrate Judge erred in her recommendations in a manner that is accurately reflective of the record. (See generally Doc. No. 311). As Moore properly argues, this method of "objecting" to the R&R amounts to mere complaints about the outcome such that they are not proper objections for the Court's consideration. See Howard, 932 F.2d at 509. Further, the Court agrees with Moore that Bowles's objections essentially raise the same arguments he made to Magistrate Judge that were thoroughly considered and rejected. (See, e.g., Doc. No. 306 at 12–13 (Magistrate Judge considering Bowles's evidence in ruling on Moore's motion for summary

4

judgment and properly finding Bowles had not raised a genuine dispute of fact on both the objective and subjective elements of his claim), id. at 14 (Magistrate Judge considering and rejecting Bowles's request for counsel based on his housing status and limited law library access)). The Court declines Bowles's invitation to revisit these issues without any specific proposed errors for review, as such efforts would make the Court's referral to the Magistrate Judge useless and would waste judicial resources.[1]  See Howard, 932 F.2d at 509.  Accordingly, the Court will overrule Bowles's improper objections (Doc. Nos. 310, 311), and will approve and adopt the R&R.

## IV.    CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.    Bowles's objections to the Magistrate Judge's R&R (Doc. No. 310) are **OVERRULED**;

2.    The R&R (Doc. No. 306) is **APPROVED AND ADOPTED** in all respects;

3.    Moore's Motion for Leave to File a Renewed Summary Judgment Motion (Doc. No. 286) is **GRANTED**;

4.    Moor's Renewed Motion for Summary Judgment (Doc. No. 286-1) is **GRANTED**;

5.    Bowles's Motion to Appoint Counsel (Doc. No. 292), Motion for Leave to Amend (Doc. No. 293), and Motion for Acceptance (Doc. No. 296) are **DENIED AS MOOT**; and

6.    Bowles's Motion for Chief Judge Discovery (Doc. No. 309) is **DENIED AS MOOT**.

---

[1] In any event, the substance of Bowles's objections to the Magistrate Judge's recommendations that his motion to appoint elbow counsel (Doc. No. 292) and motion for leave to amend (Doc. No. 293) matter little, given (as the Magistrate Judge noted) all of Bowles's filings are mooted because the Magistrate Judge properly granted Moore's renewed motion for summary judgment.  (See Doc. No. 306 at 14).

This is a final order. The Clerk is directed to enter judgment under Federal Rule of Civil Procedure 58 and close the file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE