UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| MARIO BOWLES # 490357, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 3:22-cv-00032 |
| v. | ) | |
| | ) | |
| TENNESSEE DEPARTMENT OF CORRECTION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This is a pro se prisoner civil rights case filed by Mario Bowles, an inmate of the Whiteville Correctional Facility. (Doc. No. 1).

By Memorandum Opinion and Order entered on September 5, 2025, (Doc. No. 317), the Court overruled Bowles's objections, (Doc. No. 310), to the Report and Recommendation ("R&R") of the Magistrate Judge. (Doc. No. 306). The Magistrate Judge recommended that the Court grant Defendant Andrea Moore's Motion for Leave to File a Renewed Summary Judgment Motion (Doc. No. 286) and Renewed Motion for Summary Judgment (Doc. No. 286-1). The Magistrate Judge recommended denial of Bowles's Motions to Appoint Counsel (Doc. No. 292), for Leave to Amend (Doc. No. 293), and for Acceptance (Doc. No. 296). The Court approved and adopted the R&R, which resulted in the dismissal of this action. (Doc. No. 317 at 5-6). Final judgment was entered on September 9, 2025. (Doc. No. 318).

Plaintiff now has filed a Motion for Reconsideration of the Court's September 5, 2025 Memorandum Opinion and Order (Doc. No. 320) and a "Motion for Chief District Judge Consider"

1

(Doc. No. 323). The latter motion, though titled differently, essentially seeks the same relief as the former motion. Plaintiff also has filed a Notice of Appeal. (Doc. No. 324).

## I. MOTIONS TO RECONSIDER

The Federal Rules of Civil Procedure do not permit motions for reconsideration after the dismissal of an action, which is the case here. The only way the Court can consider Plaintiff's Motion for Reconsideration is to construe it as a motion seeking an amendment of the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure or a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

Rule 59 provides that the court may grant a motion to alter or amend a judgment if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. Fed. R. Civ. P. 59(e); see Westerfield v. U.S., 366 F. App'x 614, 619 (6th Cir. 2010) (citing GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999)). A motion to alter or amend judgment under Rule 59(e) must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Therefore, Plaintiff's motion, if construed as a Rule 59(e) motion, was timely filed.

In his motion, Plaintiff does not allege that there has been a clear error of law or an intervening change in controlling law that would require the Court to revisit its previous analysis. Nor does Plaintiff allege that he has newly discovered evidence. Instead, Plaintiff appears to argue that the Court must revisit its prior decision "to prevent manifest injustice." He asserts that Defendant "did not comply to L.R. And Fed. R. Civ. P. 7, 56, 72 see Documents Enclosed." (Doc. No. 320 at 2). Plaintiff, however, did not enclose any documents with his motion. Plaintiff elaborates that "Defendant also did not file a Memorandum [in] Support, nor show of proof,

2

untimely filed, Any other." (Id.) As best the Court can discern,[1] Plaintiff is referring to the Motion for Leave to File Renewed Motion for Summary Judgment by Defendant Moore filed on April 23, 2025. (Doc. No. 286). That motion was, however, supported by a Memorandum in Support of Renewed Motion for Summary Judgment, a Statement of Undisputed Material Facts, and a Declaration in compliance with Local and Federal Rules. (Id. at 1-2, 1-3, 1-4). By Order entered on May 19, 2025, the Court directed Plaintiff to respond to that motion, specifically addressing "(1) whether Moore should be granted leave to file a renewed motion, and (2) if Moore is granted leave, Bowles's responses to the arguments Moore raises in her proposed memorandum of law in support of her motion." (Doc. No. 290 at 1). Bowles responded and did not argue that Moore's motion was untimely filed. (Doc. No. 297). These reasons do not support reconsideration of the Court's prior ruling.

Plaintiff also contends that the Court should review the record in this case "'de novo' with an 'Open Mind' and consider all written factual material evidence and exhibit evidence of the Plaintiff." (Doc. No. 320 at 2). Once again, the Court declines Plaintiff's invitation to revisit the issues without any specific proposed errors for review, as such efforts would make the Court's referral to the Magistrate Judge useless and would waste judicial resources. (See Doc. No. 317 at 5 & n.1). The Magistrate Judge set forth the relevant facts, applied the governing law, found that summary judgment in Moore's favor was appropriate. The Court agreed. Plaintiff has presented no argument that there has been a clear error of law. Neither does Plaintiff argue that he has newly discovered evidence, that there has been an intervening change in controlling law, or that manifest justice requires reconsideration of the Court's prior decision. For these reasons, Plaintiff is not entitled to relief under Rule 59(e).

---

[1] There was no other motion filed by a defendant within the relevant time frame for which the Local or Federal Rules required a supporting memorandum.

3

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or the judgment is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). A motion for relief from a judgment or order under Rule 60 must be filed "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Therefore, Plaintiff's instant motion (Doc. No. 320), if construed as a Rule 60 motion, was timely filed.

None of the enumerated grounds for relief under Rule 60(b)(1)-(5) apply in this case, however. Rule 60(b)(6) is a catchall provision that provides for relief from a final judgment for any reason justifying relief not captured in the other provisions of Rule 60(b). McGuire v. Warden, 738 F.3d 741, 750 (6th Cir. 2013). Rule 60(b)(6) only applies in exceptional or extraordinary circumstances where principles of equity mandate relief. Id. "The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." Blue Diamond Coal v. Trustees of United Mine Workers, 249 F.3d 519, 529 (6th Cir. 2001); see also Thompson v. Bell, 580 F.3d 423, 442 (6th Cir. 2009). A district court's discretion in deciding a Rule 60(b)(6) motion is

especially broad due to the underlying equitable principles involved. Tyler v. Anderson, 749 F.3d 499, 509 (6th Cir. 2014).

Here, Plaintiff does not describe any exceptional or extraordinary circumstances that mandate relief. Plaintiff instead wants the Court to conduct a "de novo" review of the case after final judgment has been entered and reconsider arguments that have been thoroughly considered and rejected. For these reasons, Plaintiff is not entitled to relief from judgment under Rule 60(b)(6).

Accordingly, Plaintiff's Motion for Reconsideration (Doc. No. 320), whether construed as a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from a judgment or order, is hereby **DENIED**. His "Motion for Chief District Judge Consider" (Doc. No. 323) is **DENIED** for the same reasons as his Motion for Reconsideration.

## II. NOTICE OF APPEAL

Plaintiff also has filed a Notice of Appeal of the Court's September 5, 2025 Memorandum Opinion and Order dismissing this case. (Doc. No. 324).

Even when a plaintiff was previously granted pauper status in federal court, as Plaintiff was in this case (see Doc. No. 37), "[a] new determination is necessary" in prisoner appeals under the Prison Litigation Reform Act. See McGore v. Wrigglesworth, 114 F.3d 601, 610 (6th Cir. 1997) (finding that a "prisoner granted pauper status before the district court is no longer automatically entitled to pauper status on appeal"), overruled on other grounds by Jones v. Bock, 549 U.S. 199, 203 (2007). Even if indigent, generally a prisoner may not proceed in forma pauperis on appeal if the district court finds that an appeal would not be in good faith. 28 U.S.C. § 1915(a)(3). The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of an issue that is not frivolous. Id. There has been no prior determination of

5

whether an appeal from the Court's dismissal of this action would be in good faith. Thus, the Court must make that determination now.

A review of the reasons why this case was dismissed reveals that any appeal would be frivolous and not taken in good faith. The Magistrate Judge's R&R, which the Court adopted and approved, rested on well-established principles of federal law. Thus, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

However, Plaintiff may still appeal. To proceed with an appeal, Plaintiff **MUST** submit the full appellate filing fee of $605 to this Court within 30 days of entry of this Order.

Plaintiff is warned that failure to submit the filing fee may result in the dismissal of Plaintiff's appeal. Plaintiff may seek an extension of time within which to submit the filing fee if he does so before the 30-day deadline expires.

Despite this ruling, Plaintiff may seek leave to proceed in forma pauperis directly in the Sixth Circuit Court of Appeals. See Fed. R. App. P. 24(a)(5); Owens v. Keeling, 461 F.3d 763, 774-75 (6th Cir. 2006).

The Clerk is directed to forward a copy of this order to the Clerk of Court for the Sixth Circuit Court of Appeals.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE